PEOPLE *v.* STANARD.

1. LARCENY—INFORMATION—VARIANCE—EVIDENCE—SUFFICIENCY.

    In a prosecution for the larceny of a liberty bond, where defendant was informed against as an individual, evidence that he signed the receipt for the bond as an individual and not as cashier of a bank, and that he personally disposed of the bond, *held*, sufficient to sustain his conviction.

2. SAME—TRIAL—REMARKS OF COURT.

    Remarks by the court in a colloquy with defendant's counsel over the admission of certain testimony which he was seeking to have admitted, and which the court admitted, *held*, not reversible error.

3. SAME—TRIAL—VENUE—ADMISSION OF EVIDENCE AFTER PARTIAL ARGUMENT NO ABUSE OF DISCRETION.

    The admission of testimony to prove the venue and the value of the bond, before the judge charged the jury but after the case had been argued in part, *held*, not an abuse of the court's discretion.

4. SAME—COPY OF RECEIPT MADE BY COURT STENOGRAPHER GIVEN JURY NOT REVERSIBLE ERROR.

    Where the jury asked for a copy of the receipt given by defendant, and they were given a copy made by the court stenographer, which is not claimed to be different from the one read by the judge in his charge, and to which no objection was made until after a verdict of guilty had been returned, an assignment of error thereon is without merit.

Exceptions before judgment from Cass; Des Voignes (L. Burget), J. Submitted June 15, 1923. (Docket No. 116.) Decided July 19, 1923.

Ernest Stanard was convicted of larceny. Affirmed.

*C. M. Lyle* and *W. J. Barnard,* for appellant.

*Andrew B. Dougherty,* Attorney General, and *Asa K. Hayden,* Prosecuting Attorney, for the people.

MOORE, J.    This case is here on exceptions before sentence.    The information contained two counts. The first count charged the defendant with larceny by embezzlement.    The second count charged the defendant with larceny of goods of the value of over $25.    There was no request that the prosecutor elect which count he relied upon.    The defendant did not swear any witnesses but at the conclusion of the testimony asked for a directed verdict.    This request was overruled and the case was submitted to a jury.    A general verdict of guilty was returned.

The record shows without dispute that a copartnership composed of Ernest Stanard, Walter C. Jones, and Georgia H. Jones was doing a banking business at Jones under the name of the Farmers & Merchants Bank.

Charles F. Born bought a quantity of government bonds through this firm.    In August, 1920, he took to the bank and delivered to Mr. Stanard a quantity of bonds for conversion into other bonds and Mr. Stanard gave him a receipt reading:

"August 10, 1920.

"No................
"Received of Charles Born, Third Liberty Loan Bonds for conversion, par value $600.
(Signed) "ERNEST STANARD."

One of these bonds was numbered "6,942,110."    It was of the Third Liberty Loan.

We quote some of Mr. Born's testimony:

"After February, 1921, I called for those bonds at the bank.    It was in March.    I did not present this receipt, Exhibit A, at that time.    In April I again

demanded the bonds.    In March Mr. Stanard says, 'They are not back yet.'    In April I did business at the bank with Miss Skinner, and while doing so Mr. Stanard came in.    She handed him the receipts I had handed her, and he took those receipts and he says, 'The interest is due on them.    I will pay you the interest on those bonds.'    That was between the 12th and the 18th day of April.    I had no further talk with him about those bonds before the bank closed. The bank went out of business in May, 1921, and is now in bankruptcy.

"*Q.* 1921 and is now in bankruptcy.    After the bank ceased business did you have some conversation with Mr. Stanard about these bonds?

"*A.* I did."

Objection was made to his stating what was said. The objection was overruled.

We again quote:

"Well I went to him after I came home from Kalamazoo and seen the Federal prosecutor that evening. I met him on the street, and I called him to one side of the street.    I says, 'Ernest, you know where you stand on those bonds.    Now,' I says, 'I will just give you'—I don't know as I said the days, but 'a short time to make them good, or make what I have got in there good?'    And he says, 'How much have you got in there?'    And I told him.    And he says, 'Wait until I see Walt.'    I says, 'Don't be too long seeing him.' That is the last that he ever said to me about them.

"*Q.* Now I think I forgot to ask you: Was this bond that you have given the number, 6,942,110, a $100-bond?

"*A.* All hundreds.    I never received this bond or its equivalent again."

The record also shows that Mr. Stanard delivered several bonds to a Mr. Sewards who in turn delivered them to the First National Bank of Cassopolis to be sent to Washington, to be exchanged for other bonds, and they were so exchanged, and among them was bond number 6,942,110 of the Third Liberty Loan.

Counsel for defendant urge that the information was laid against Mr. Stanard as an individual, while the proofs show he was dealt with as the cashier of a bank, and that he cannot be convicted as charged. The testimony is that the bonds were delivered to Mr. Stanard personally.    The receipt he gave, which we have quoted, did not purport to be the receipt of a cashier.    The bond was delivered by Mr. Stanard personally to Mr. Sewards.    We think the proof would sustain a conviction against Mr. Stanard, informed against as an individual.

Counsel says he, the counsel, was charged by the judge with being unfair to the court, and that his client suffered thereby.    A reference to the record which is too long to quote here, will show that the court admitted the testimony counsel was seeking to get, when the expression that is criticized was used, and that there was nothing in the long colloquy that occurred between the trial judge and counsel that constitutes reversible error.

We quote again from the record:

*"The Witness:* $6,400, judge.
*"The Court:* $6,400 worth of other bonds, but that they are not of the denomination as testified in which ownership rested in the complaining witness in this case, and upon which this suit for conversion, or rather embezzlement is predicated.    It may stand for the purpose as I stated."

Counsel says there was no testimony upon which the judge could base his statement and that his client was prejudiced.    The witness was the trustee in bankruptcy.    The record shows that before the bankruptcy proceedings were begun Mr. Stanard had delivered the bond of Mr. Born to Mr. Sewards who in turn delivered it to the First National Bank of Cassopolis, and that the bond was sent to Washington and exchanged for another bond.    It is clear the

trustee never had this bond.    We do not think this exception is well taken.

Before the trial judge charged the jury, but after the case had been argued in part, the trial judge permitted testimony to be taken to prove the venue, and the value of the bond.    This is said to be error. In admitting this testimony the judge did not abuse his discretion.    See *People* v. *Blake,* 157 Mich. 533.

While they were deliberating the jury asked for a copy of the receipt given by Mr. Stanard to Mr. Born, when the bonds were delivered, and a copy made by the reporter was given to them.    No objection was made to this until after the jury had returned a verdict of guilty.    There is no claim that the paper delivered to the jury did not read precisely as did the receipt read by the judge to the jury in his charge. We think this assignment is without merit.

The other assignments have been considered but do not call for discussion.

The conviction is affirmed, and the case will be remanded for further proceedings.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.